IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH A. HILL, #449267         *
        Plaintiff,
   v.         *   CIVIL ACTION NO. PX-17-956

DET. JONES, #3443         *
*Pammer Park Police Force*
        Defendant.         *
            *****

MEMORANDUM

On April 6, 2017, Plaintiff Keith A. Hill, an inmate housed at the Roxbury Correctional Institution, filed a complaint against Palmer Park Police Detective Jones alleging violations pursuant to 42 U.S.C. § 1983 and requesting $3,000,000.00 in compensatory damages.[1] Hill accuses Jones of lying to a grand jury about an attempted home invasion and a drug offense. ECF No. 1. Hill contends that he was later exonerated of all false accusations in May of 2016. Because Hill appears indigent, he shall be granted leave to proceed in forma pauperis.

Title 28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (28 U.S.C. § 1915(a)); *see also McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is

---

[1] Hill also seeks to have Officer Jones charged with perjury. This court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C.

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Williamson v. Angelone,* 197 F. Supp.2d 476, 478 (E.D. Va. 2001); *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether defendants should be required to respond to the action.

The state court docket reflects that in July of 2014, Hill was charged with one count of attempted first-degree burglary, attempted robbery, armed robbery, conspiracy to commit an armed robbery, and conspiracy to commit a robbery in the District Court for Prince George's County. Officer Jones, #3443, was the complaining officer. On August 6, 2014, the case was transferred to the Circuit Court for Prince George's County. *See State v. Hill*, Criminal No. 0E005477701 (District Court for Prince George's County). Subsequent to a circuit court jury trial on May 11, 2016, Hill was found guilty of attempted second-degree burglary and firearm possession with a felony conviction. He was acquitted of attempted armed robbery, attempted robbery, conspiracy to commit armed robbery, and conspiracy to commit robbery, drug conspiracy and handgun counts were nolle prossed. He was sentenced to a cumulative 15-year term of imprisonment. Hill has not shown that the judgment in the criminal Circuit Court case was overturned or otherwise officially rendered invalid. *State v. Hill*, Criminal No. CT141066A (Circuit Court for Prince George's County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

To the extent that Hill is seeking damages under a 42 U.S.C. § 1983 civil rights theory related to government employees' alleged illegal acts involving his criminal case, the case shall be

---

Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012).

dismissed without prejudice as the claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, an Indiana state prisoner sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed exculpatory evidence and had used an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint must be dismissed, holding that:

> [t]o recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7 (emphasis in original).

Here, Hill's claim that he was exonerated of **all** charges arising out of Officer Jones' criminal complaint is not correct. Further, Hill's claims against Officer Jones implicates the constitutionality of his incarceration, which cannot proceed in this court. *See Heck,* 512 U.S at 486-87.

For the aforementioned reason, Hill's motion for leave to proceed in forma pauperis is granted. The complaint shall, however, be dismissed without prejudice. A separate Order follows.

3

Date: April 26, 2017

/S/
PAULA XINIS
United States District Judge